United States District Court
Southern District of Texas
**ENTERED**
May 21, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| SEAN MARQUES, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:26-CV-22 |
| | § | |
| BRET A BRADFORD, *et al.,* | § | |
| Respondents. | § | |

### REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

On May 1, 2026, United States District Judge John A. Kazen ordered that attorney S. Aftab Sharif ("Mr. Sharif") show cause as to why he should not be sanctioned for failure to comply with two Court Orders. (Dkt. No. 36). The matter was referred to the Undersigned to conduct a hearing and submit a report and recommendation. (*Id.*). On May 13, 2026, the Undersigned held the hearing. (Min. Ent. May 13, 2026). For the reasons below, the Undersigned **RECOMMENDS** that no sanction should be imposed.[1]

### I. BACKGROUND

On April 6, 2026, District Judge Kazen ordered the parties to file advisories by April 10, 2026. (Dkt. No. 21). Petitioner, through his counsel, Mr. Sharif, did not file an advisory. On April 15, 2026, District Judge Kazen then ordered Petitioner's counsel, Mr. Sharif, to show cause by April 20, 2026, as to why he failed to file an advisory pursuant to the Court's April 6 Order. (Dkt. No. 23). Once again, Mr. Sharif

---

[1] Although Mr. Sharif's Motion to Withdraw as Attorney has not been referred to the Undersigned, the Undersigned similarly recommends that the Motion to Withdraw be granted as well. (Dkt. No. 47).

1

did not comply with the April 15 Order. On May 1, 2026, District Judge Kazen then ordered Mr. Sharif to show cause why he should not be sanctioned for failure to comply with two Court Orders. (Dkt. No. 36).

On May 11, 2026, Mr. Sharif filed a Response to Order to Show Cause and a Motion to Withdraw as Attorney. (Dkt. Nos. 46, 47). In his Response, Mr. Sharif indicated that he did not intentionally disregard the Court's Orders but rather had believed that his representation in this case had concluded following the Court's February 4, 2026, Order granting partial relief and directing that Petitioner receive a hearing before an immigration judge. (Dkt. No. 46 at 2). On March 20, 2026, the Immigration Judge granted Petitioner's *pro se* motion excusing Mr. Sharif from further representing Petitioner in related immigration proceedings. (*Id.* at 2–3). Mr. Sharif acknowledged that he did not file a motion to withdraw in order to terminate his representation of Petitioner but indicated that he had a good-faith belief that the representation had concluded. (*Id.* at 3).

At the show cause hearing held on May 13, 2026, the Undersigned explained to Mr. Sharif that even if Mr. Sharif believed his representation of Petitioner had ended after the Court's February 4 Order, that this did not explain why Mr. Sharif did not respond to the Court's Orders on April 6, 2026, and April 15, 2026. (Hrg. at 1:10:34). Further, the second Order, (Dkt. No. 23), explicitly demanded an explanation as to why "Petitioner's counsel" failed to file an advisory as previously ordered. (Hrg. at 1:11:45).

2

Mr. Sharif stated that he did not see the Orders, and that if he had, he would have responded to them. (Hrg. at 1:11:09). He explained that his staff filed paper copies of the orders in the case file without the staff or Mr. Sharif reviewing them, and that his staff never alerted him of the need to respond. (Hrg. at 1:12:33). He said that his staff did this because they thought that their involvement in Petitioner's case had been completed. (Hrg. at 1:13:01). Mr. Sharif stated that he never intended to disrespect the Court. (Hrg. at 1:13:08). He said it was a genuine error on his part because he believed the case was over. (Hrg. at 1:13:16). He thought the case had concluded when District Judge Kazen granted the requested relief. (Hrg. at 1:13:20). He is not trying to excuse himself, but that is what happened, and it was not intentional. (Hrg. at 1:13:45).

When the Undersigned asked Mr. Sharif what he learned from this, Mr. Sharif stated that he learned that his staff must always show him what has been filed in his cases, rather than having them review the filings themselves. (Hrg. at 1:13:55).

Mr. Sharif added that once the Immigration Judge denied Petitioner's bond, the Petitioner himself told Mr. Sharif not to do anything else, and it was this thinking that caused the mess-up. (Hrg. at 1:16:10).

Mr. Sharif drove from Houston to Laredo for the show cause hearing and incurred some expenses in doing so. (Hrg. at 1:17:02). He stated that he had no malice on his part and had never had a problem with another court in his life. (Hrg. at 1:17:29).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(f), the Court may, on its own motion, issue any just orders if a party fails to obey a pretrial order. Fed. R. Civ. P. 16(f)(1)(c). The Court may hold a party in civil contempt where there is "clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004). Likewise, the Court may award sanctions against a party who fails to comply with a court order. *See Sabre Grp., Inc. v. Eur. Am. Travel, Inc.*, 192 F.3d 126, 1999 WL 683863, at *1–2 (5th Cir. 1999) (affirming the district court's sanction of a party for failing to attend a court-ordered settlement conference).

Federal courts have the "inherent power to 'manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *In re Goode*, 821 F.3d 553, 558–59 (5th Cir. 2016) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Included in this power is a court's ability to discipline an attorney for engaging in behavior that disrupts the court's goal of efficient and accurate case disposition. *In re: Deepwater Horizon*, 824 F.3d 571, 578 (5th Cir. 2016). While every court has the authority to discipline pursuant to their inherent power, this power is not unlimited. *See Elliot v. Tilton,* 64 F.3d 213, 217 (5th Cir. 1995).

Generally, a court will only be permitted to sanction an attorney pursuant to its inherent power when the court "make[s] a specific finding that the attorney acted in bad faith." *In re Goode*, 821 F.3d at 559; *see also Dawson v. United States*, 68 F.3d

886, 895 (5th Cir. 1995). "Bad faith conduct includes conduct that is motivated by improper purposes such as harassment or delay." *Fuller v. CIG Fin., LLC*, No. 3:22-CV-1289-D, 2023 WL 8482889, at *6 (N.D. Tex. Dec. 7, 2023) (quoting *Houston v. Sw. Airlines*, No. 3-17-CV-2610-N-BT, 2020 WL 774408, at *1 (N.D. Tex. Feb. 18, 2020)). Accordingly, an attorney is generally only sanctioned pursuant to the court's inherent power when the court makes a finding that the sanctionable conduct was committed in bad faith.

However, a bad faith finding is not required where a court imposes a sanction based on both its inherent authority and for violation of a local rule. *In re Goode*, 821 F.3d at 559 (concluding the lower court was not required to make a finding of bad faith when sanctioning an attorney for a violation of the local rules). Instead, a court is permitted to exercise its inherent powers to sanction an attorney, without making a bad faith finding, when the sanction is imposed for violation of a local rule as opposed to solely through the court's inherent authority. *See id.*

"[T]he sanctioning court must use the least restrictive sanction necessary to deter the inappropriate behavior." *In re First City Bancorporation of Tex., Inc.*, 282 F.3d 864, 867 (5th Cir. 2002).

### III. ANALYSIS

**A. Mr. Sharif Violated the Southern District of Texas Local Rules and Federal Rule of Civil Procedure 16(f) when he Failed to Comply with this Court's Orders**

Rule 6(A) of the Rules of Discipline of the United States District Court for the Southern District of Texas provides that written charges that an attorney who

practices before this Court has engaged in conduct that may warrant disciplinary action must be addressed to the Chief Judge of the District Court. Rules of Discipline, U.S. Dist. Ct. S. Dist. Tex. R. 6(A) (2026). Conduct that may warrant discipline includes:

> "i.   conduct unbecoming an attorney who practices before this court, as defined in Rule 1,
> ii.   failure to comply with these local rules or any other rule or order of this court,
> iii.  unethical behavior, or
> iv.  inability to conduct litigation properly."

(*Id.* at 6(B)).

Here, Mr. Sharif stated that he did not review the Court's Orders at all after they were issued, as he simply relied on his staff to print out the electronic filings associated with this case and file hard copies away in a folder. He said that both he and his staff had incorrectly assumed that their involvement in the case had concluded following the Court's February 4, 2026, Order granting partial relief and directing that Petitioner receive a hearing before an immigration judge. Mr. Sharif did not know that he had been ordered to file an advisory or show cause.

Accordingly, Mr. Sharif failed to comply with two orders of this Court and has demonstrated at least two instances of an inability to conduct litigation properly. He therefore violated Local Rule 6. Rules of Discipline, U.S. Dist. Ct. S. Dist. Tex. R. 6(A) (2026).

For the same reasons outlined above, there is clear and convincing evidence that two of this Court's orders were in effect, which required Mr. Sharif's response, and that he failed to comply with this Court's Orders. Fed. R. Civ. P. 16(f)(1)(c).

Therefore, this Court may award sanctions against Mr. Sharif for failing to comply with these pretrial orders. *See Sabre Grp., Inc.*, 192 F.3d at 126, 1999 WL 683863, at *2.

**B. Mr. Sharif Should not be Sanctioned Pursuant to the District Court's Inherent Authority, the Federal Rules of Civil Procedure, nor Pursuant to the Southern District Local Rules**

"Because of the potency of inherent powers" courts must exercise "great restraint and caution" when considering whether to sanction an attorney pursuant to their inherent authority. *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 454, 467 (5th Cir. 1996); *see also Chambers*, 501 at 44 ("inherent powers must be exercised with restraint and discretion"). In exercising this restraint, courts in the Fifth Circuit have found that "the threshold for the use of inherent power sanctions is high." *Elliot,* 64 F.3d at 217. Accordingly, a court's use of its inherent authority to sanction an attorney for misconduct is only permitted if it makes a finding that the attorney engaged in the underlying misconduct in bad faith. *Elliot,* 64 F.3d at 217. Only upon a bad faith finding will a sanction be "essential to preserve the authority of the court . . . ." *Natural Gas Pipeline Co. of Am.*, 86 F.3d at 467 ("the ultimate touchstone of inherent powers is necessity.").

It is evident from Mr. Sharif's statements at the hearing that he was not acting in bad faith in failing to respond to the Court's Orders but instead failed to review the Orders upon their issuance. While failing to review court orders does not meet the standards of professional conduct expected by this Court, it also does not demonstrate that Mr. Sharif's conduct was motivated by improper purposes. Rather,

he simply failed to exercise due diligence in ensuring that both he and his staff properly reviewed filings to determine if any further action was required on their part, even when they had believed that their role in the proceedings had concluded. The Undersigned notes that Mr. Sharif drove an approximately ten (10) hour round trip from Houston to Laredo to be present for the show cause hearing on May 13, and incurred costs associated with that travel.

The Undersigned recommends that this ordeal be considered a lesson to Mr. Sharif that he must personally review all documents and orders filed in cases on which he is still the attorney of record. It is not enough to have improperly trained staff acting as a filter to determine what an attorney of record should personally review. Exercising due diligence in personally reviewing Court orders prior to filing them away is essential to preserving both the Court's resources and an attorney's professional integrity. Accordingly, the Undersigned concludes that Mr. Sharif should not be sanctioned pursuant to the Court's inherent authority, the Federal Rules of Civil Procedure, or the Southern District of Texas' Local Rules.

## IV. RECOMMENDATION

The Undersigned **RECOMMENDS** the District Court should not sanction Mr. Sharif for his failures to respond to this Court's Orders pursuant to the Court's inherent authority, the Federal Rules of Civil Procedure, or the Southern District of Texas' Local Rules.

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Report and Recommendation and transmit a copy to

8

each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Report and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**SIGNED** on this 21st day of May, 2026.

Christopher dos Santos
United States Magistrate Judge

9