**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | |
|---|---|
| SEAN MARQUES, | § |
| | § |
| Petitioner, | § |
| V. | § CIVIL ACTION NO. 5:26-CV-00022 |
| | § |
| BRET BRADFORD, *et al.*, | § |
| | § |
| Respondents. | § |

## ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (Dkt. No. 1), Petitioner's pro se supplement to the petition, (Dkt. No. 27), and Respondents' Motion for Summary Judgment, (Dkt. No. 35). Petitioner has been granted voluntary departure, but he remains detained "under safeguards." (Dkt. No. 35 2). Respondents recently advised the Court that "travel coordination will be set up for the beginning of July." (Dkt. No. 61 at 1). Petitioner departed the United States on July 13, 2026. (Dkt. No. 66). As such, he is no longer detained by Respondents.

The instant petition was brought under 28 U.S.C. § 2241, which provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c) (emphasis added). Generally, the Court's jurisdiction is limited to "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "A claim is moot when a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017). In the Section 2241 context, if a petitioner is not in the physical custody of immigration officials, and there are no known restrictive conditions on his liberty, then the petition is moot. *See Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 735 (5th Cir. 2005) (explaining that Section 2241's "in custody" requirement extends beyond physical custody to also include other restraints on liberty).

The Court finds that the petition must be dismissed as moot. Here, Petitioner is no longer in custody within the meaning of 28 U.S.C. § 2241(c). *See Rosales*, 426 F.3d at

735. He is not in physical custody of Respondents, and there are no restrictive conditions on his liberty at this time. As such, the Court finds no reason to believe that there is a live controversy remaining after Petitioner's release, and the Court therefore has no jurisdiction.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (Dkt. No. 1), and Respondents' Motion for Summary Judgment, (Dkt. No. 35), are **DENIED as moot**.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on July 22, 2026.

John A. Kazen
United States District Judge